UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO: 1:23-cv-11918-DJC

**LINNEA MENIN,**
individually and on behalf of all
others similarly situated,                                                **CLASS ACTION**

    Plaintiff,                                                                **JURY TRIAL DEMANDED**

v.

**STAR MARKETS COMPANY, INC.**

    Defendant.
_____/

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY

Plaintiff Linnea Menin hereby responds in opposition to Defendant Star Markets Company, Inc's Motion to Stay Discovery, ("Motion" or "Mot."), [ECF 10], and states:

### I.   INTRODUCTION

Defendant's Motion seeks a stay of discovery because Defendant contemporaneously filed a Motion to Dismiss, ("Motion to Dismiss"), [ECF 7]. Subsequently however Defendant's Motion to Dismiss was rendered moot by the filing of Plaintiff's Amended Complaint. [ECF 11]. *See Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 373 (1st Cir. 2011) (holding that a motion to stay was moot when the motions it was predicated upon were resolved). Accordingly, there is no basis to stay discovery in this matter as Defendant cannot establish good cause. As Defendant cannot meet its burden, Defendant's Motion should be denied.

### II.   LEGAL STANDARD

It is within the inherent power of this Court to manage the discovery process. *See, e.g., Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003) ("District courts

exercise broad discretion to manage discovery matters."). The Court has broad discretion to stay discovery for "good cause shown" as part of pre trial management. *NPS, LLC v. Ambac Assurance Corp.*, 706 F. Supp. 2d 162, 167 (D. Mass. 2010) (citing Fed. R. Civ. P. 26(c)).

Defendant bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1). *See Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988). In determining whether Defendant has met this burden, the First Circuit has written that "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992).

III. **ARGUMENT**

a. Defendant Cannot Meet Its Burden of Establishing Good Cause

Defendant cannot show good cause because its Motion to Dismiss has been rendered moot. Accordingly, there is no potentially dispositive motion pending for the Court to consider. Furthermore, Defendant provides nothing but conclusory statements regarding the supposed briefness of stay, prejudice to Defendant and lack of prejudice to Plaintiff. *See* Motion at pgs 4-6. Defendant's statements are predicated on speculation, as Plaintiff has not even served discovery on Defendant at this time and there is simply no way that Defendant could know how long a stay would last.

To the extent that Defendant attempts to shift the burden to Plaintiff, with its claim that Plaintiff will not be prejudiced by the stay, Defendant is incorrect. *See* Motion at 5. Plaintiff will be prejudiced because she will be unable to obtain discovery to expeditiously advance her case. Additionally, witness memories fade over time, original documents can be lost before trial, and thus a protracted stay leads to irreversible loss of needed information. *See Young v. Peraza*, No. 15-60968-CIV--COHN/SELTZER, 2015 WL 4639736, at *2 (S.D. Fla. Aug. 4, 2015) ("Were the Court to grant the Motion [to stay], Plaintiff would stand to suffer prejudice as the memories of eyewitnesses faded with the passage of time."). Defendant's Motion does nothing to alleviate these discovery concerns regarding the protection

of class data in particular. For instance, Defendant has not asserted that it has requested applicable call logs from its vendors (or that it has the call logs in its possession) in order to protect the class data while a stay is pending. Depending on which vendors were used by Defendant to send the text messages in question, those vendors have retention/deletion policies which could result in critical class information being deleted during any stay. Without Defendant taking steps to obtain those records and protect them, a stay could be disastrous for Plaintiff and the putative class.

Dated: November 13, 2023

**CHARLESTOWN LAW GROUP**

*/s/ Jason R. Campbell*
Jason R. J. Campbell, Esq.
The Schrafft Center Power House
529 Main Street, Suite P200
Charlestown, MA 02129
Email: jcampbell@charlestownlawgroup.com
Telephone: (617) 872-8652


**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
(*pro hac vice* to be filed)
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Pro Hac Vice Forthcoming*

3